ORIGINAL

# In the United States Court of Federal Claims

FILED

No. 15-226
Filed: July 6, 2015
**TO BE PUBLISHED**

JUL - 6 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROGER HAYNES, III, | \* | Jurisdiction; |
| | \* | Motion To Dismiss, |
| Plaintiff, *pro se*, | \* | RCFC 12(b)(1); |
| | \* | *Pro se*. |
| v. | \* | |
| | \* | |
| THE UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Roger Haynes, III,** Wichita, Kansas, *pro se*.

**Alexander V. Sverdlov,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

**I.   RELEVANT FACTUAL BACKGROUND.**[1]

From October 1972 to September 1987, as well as in July 1988, Roger Haynes III ("Plaintiff") worked in the railroad industry. Gov't App'x A, at 2. On an unspecified date, Plaintiff was found "totally and permanently disabled." Gov't App'x A, at 2. On March 1, 1990, Plaintiff began receiving an annuity, as calculated under the rules of the Railroad Retirement Act. Compl. at PDF 4–5; *see also* Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.* ("RRA").

On September 6, 2013, the Railroad Retirement Board ("RRB") reissued Plaintiff's annuity, effective August 1, 2013, in the amount of $2,119.90 per month. Gov't App'x B, at 2.

---

[1] The relevant facts were derived from Plaintiff's March 3, 2015 Complaint and the unnumbered Exhibits attached thereto ("Compl.") and the Appendix to the Government's May 4, 2015 Motion To Dismiss ("Gov't App'x A–B").

The RRB's decision included a statement stating that any appeal must be filed "WITHIN 60 DAYS," if Plaintiff wanted reconsideration. Gov't App'x B, at 2.

On December 17, 2013—102 days later—Plaintiff appealed the RRB's initial decision regarding the amount of his annuity. Gov't App'x B, at 2. On January 3, 2014, the RRB directed Plaintiff to show "good cause for his untimely request." Gov't App'x B, at 2. In response, Plaintiff contended that his appeal should be considered, because he "did not see the appeal rights on the back of the agency's letter." Gov't App'x A, at 3 (internal quotations omitted). On January 31, 2014, the RRB notified Plaintiff that, since he did not request an appeal within the sixty day period or showing "good reason for the delay," it would not review the initial decision. Gov't App'x B, at 3.

On February 3, 2014, Plaintiff filed a petition for appeal with the United States Merit Systems Protection Board ("MSPB"), Denver Field Office, to challenge the RRB's initial decision and request reconsideration. Gov't App'x B, at 1. On March 7, 2015, the MSPB dismissed the appeal for lack of jurisdiction. Gov't App'x B, at 1.

On an unspecified date, Plaintiff petitioned for reconsideration and on October 8, 2014, the MSPB denied Plaintiff's petition for review and affirmed the RRB's initial decision. Gov't App'x A, at 1–2. The MSPB concluded that it did not have authority to review retirement benefits decisions made by the RRB. Gov't App'x A, at 3. The MSPB concluded that the United States Court of Appeals for the Federal Circuit has sole jurisdiction to review any final actions of the RRB. Gov't App'x A, at 4 (citing 5 U.S.C. § 7703(b)(1)(A)).[2]

## II. PROCEDURAL HISTORY.

On March 3, 2015, Plaintiff filed a Complaint in the United States Court of Federal Claims.

On March 17, 2015, Plaintiff filed a Motion To Proceed *In Forma Pauperis* that the court granted on April 7, 2015.

On May, 4, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"). On May 20, 2015, Plaintiff filed a Response ("Pl. Resp."). On June 8, 2015, the Government filed a Reply ("Gov't Reply").

---

[2] Section 7703, in relevant part, provides:

> [A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.

5 U.S.C. § 7703(b)(1)(A).

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law that he relies upon "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standards For Motion To Dismiss Pursuant RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When

considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D. The Government's May 4, 2015 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that the court does not have jurisdiction over the March 30, 2015 Complaint. Gov't Mot. at 3; *see also* Gov't Reply at 1. According to 5 U.S.C. § 7703, MSPB decisions may be appealed only at the United States Court of Appeals for the Federal Circuit. Gov't Mot. at 3. As such, the court does not have subject matter jurisdiction to adjudicate Plaintiff's March 3, 2015 Complaint. Gov't Mot. at 3.

Even if, *arguendo,* the court had jurisdiction over this matter, Plaintiff's attempt to review the MSPB's October 8, 2014 decision is outside the statutory appeal period. Gov't Mot. at 4. Because a challenge to the MSPB's October 8, 2014 decision must have been filed within sixty days—by December 2014—the March 3, 2015 Complaint is untimely. Gov't Mot. at 4. Therefore, even if the court had jurisdiction, Plaintiff's claims would be barred by the statute of limitations. Gov't Mot. at 4.

#### 2. Plaintiff's Response.

Plaintiff's May 20, 2015 Response was comprised of a disparate collection of grievances, hand written notes, court documents, and letters that did not address the merits of the Government's arguments.

#### 3. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

As a threshold matter, a plaintiff must establish that the court has jurisdiction to adjudicate an alleged claim. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (holding that the plaintiff "bears the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence"). The United States Court of Federal Claims may only issue judgments for money damages against the United States, if the cause of action is grounded in a contract, a money-mandating statute, or the Takings Clause of the Fifth Amendment. *See* 28 U.S.C § 1491; *see also Testan*, 424 U.S. at 398 (holding that the Tucker Act "does not create a substantive right enforceable against the United States for money damages" and that it "merely confers jurisdiction upon it whenever the substantive right exists"). This burden is not relieved because a plaintiff is *pro se*. *See* Henke, 60 F.3d at 799 (Fed. Cir. 1995) (holding that the court "does not excuse [a complaint's] failures").

The March 3, 2015 Complaint does not satisfy this threshold. The United States Court of Appeals for the Federal Circuit is the proper venue for Plaintiff's appeal, as was advised in the October 8, 2014 MSPB decision. Gov't App'x A, at 5 (providing the address to the United States Court of Appeals under a bolded heading stating "NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS"). This is supported by statute and precedential case law. *See* 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit."); U.S.C. § 1295(a)(9) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1)[.]"); *see also Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 792 (1985) (holding that, rather than granting appellate jurisdiction to the United States Court of Federal Claims, "Sections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions[.]").

As such, this court does not have the subject matter jurisdiction to adjudicate the claims in Plaintiff's March 3, 2015 Complaint.

### IV. CONCLUSION.

For these reasons, the Government's May 4, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to dismiss the March 3, 2015 Complaint.

**IT IS SO ORDERED.**

_____
SUSAN G. BRADEN
**Judge**